IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAD EVERETTE EASLEY                                    PLAINTIFF

VS.                          Civil Action No.: 5:23-cv-72-DCB-BWR

PIKE COUNTY, MISSISSIPPI,
SHERIFF JAMES BRUMFIELD, and
BRANDI DEMOLL, Detective                               DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 40] concerning a motion for summary judgment, [ECF No. 38], which was filed by Defendants Pike County, Sheriff James Brumfield, and Brandi Demoll (collectively, "Defendants"). Plaintiff Chad Everette Easley ("Plaintiff") filed this lawsuit pro se under 42 U.S.C. § 1983 while he was an inmate housed at the Pike County Jail in Magnolia, Mississippi [ECF No. 1]. The Report was entered on January 31, 2025, and objections to it were due by February 14, 2025.

The Court notes that Plaintiff filed no response to Defendants' Motion for Summary Judgment, and no party has filed an objection to the Report. Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or
recommendations to which objection is made."). Where there are
no objections, the Court applies the "clearly erroneous, abuse
of discretion and contrary to law" standard of review to the
Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.
1989).

Furthermore, "[a] court shall grant summary judgment if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a). A dispute about a material fact is
genuine "if the evidence is such that a reasonable jury could
return a verdict for the nonmoving party." Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary
judgment, the court must view the facts in the light most
favorable to the non-moving party and draw all reasonable
inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496
F.3d 393, 397 (5th Cir. 2007).

In his initial complaint, Plaintiff raised allegations of
(1) false arrest, (2) defamation, (3) denial of right to
counsel, (4) excessive bail, and (5) denial of right to a speedy
trial. [ECF No. 40] at 2 (citing [ECF No. 1] at 4-6). He sued
Sheriff Brumfield in his official capacity and Detective Demoll
in her individual and official capacities for his false arrest

2

claim; all other claims are asserted against Pike County. Id.
Plaintiff has since dismissed his claims for defamation, false
arrest, and false imprisonment. Id. at 3. However, he did not
dismiss Sheriff Brumfield and Dectective Demoll, arguing that
they are liable for "their practices which delayed [his] case
causing [him] to be held longer than necessary." Id. (citing
[ECF No. 33] at 1). Thus, the claims currently before the Court
are (1) denial of right to counsel, (2) excessive bail, and (3)
denial of the right to a speedy trial. Id. (citing [ECF No. 33]
at 1; [ECF No. 29]).

Judge Rath conducted an Omnibus Hearing on March 13, 2024,
at which Plaintiff was present, placed under oath, consented in
writing to the magistrate judge's authority, and gave testimony
to clarify his allegations. See Minute entry dated 3/13/24;
Transcript, [ECF No. 34]; Omnibus Order, [ECF No. 30].

After considering Defendants' Motion for Summary Judgment,
the record, and the relevant legal authority, Judge Rath entered
this report recommending that the Court grant summary judgment
and dismiss the case with prejudice. [ECF No. 40] at 1-2.
Specifically, the Report finds that Plaintiff's claims are
barred by Heck v. Humphrey, 512 U.S. 477 (1984). Additionally,
the Report finds that there is no basis for municipal liability,
that the claims against Detective Demoll and Sheriff Brumfield

3

in their official capacities are duplicative, and that Detective Demoll is entitled to qualified immunity in her individual capacity.

In the detailed report, which is amply supported by citations to Plaintiff's complaint and sworn testimony at the Omnibus Hearing, Magistrate Judge Rath recommends that: (i) Defendants' Motion for Summary Judgment be granted; (ii) Plaintiff's claims against Defendants be dismissed with prejudice; and (iii) this case be closed.  The Court has reviewed the Report and finds it to be well-taken.

Finding no clear error in the Report and Recommendation and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

Accordingly,

IT IS HEREBY ORDERED that Judge Rath's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed with prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 24th day of February, 2024.

                                              /s/ David Bramlette
                                            DAVID C. BRAMLETTE III
                                            UNITED STATES DISTRICT JUDGE